UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CASE NO. 5:14-CV-00053-LLK

DON G. ANDERSON     PLAINTIFF

v.

CAROLYN W. COLVIN, Commissioner of Social Security     DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of an administrative decision of the Commissioner of Social Security, who denied his application for disability benefits. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. The fact and law summaries of Plaintiff and Defendant are at Docket Number (DN) 22 and DN 25, and this matter is ripe for determination.

Because the substantial weight of the medical evidence fails to support the ALJ's finding that Plaintiff is able to perform work at all exertional levels, the Court will remand this matter to the Commissioner for re-evaluation of Plaintiff's physical residual functional capacity (RFC).

### Procedural history

The administrative law judge (ALJ) issued the first of two denial decisions in this case, finding, in part, that: 1) Plaintiff suffers from status post wrist fracture, borderline intellectual functioning, and an adjustment disorder; 2) These impairments restrict him to light work involving simple, repetitive, routine tasks; and 3) Although he can no longer perform his past relevant work, he can perform a significant number of other jobs in the national economy. Administrative Record (AR), pp. 119-124.

The Appeals Council vacated the ALJ's decision and remanded for re-evaluation of Plaintiff's mental restrictions. AR, pp. 153-155.

In her second decision, the ALJ found that:  1) Plaintiff has no severe physical impairment satisfying the 12-month duration requirement;[1] 2) He can perform a full range of work at all exertional levels;[2] 3) Mentally:

> he can perform simple one to three step tasks but no detailed or complex work, can occasionally work with the general public and preferably in a low stress environment with infrequent changes.  No quotas or speed requirements would be preferable.  Work should not require more than the claimant's limited math skills; [and therefore]

4) He can perform his past relevant work as a light laundry worker.  AR, pp. 16-21. Unlike the first decision, which limited Plaintiff to light work, the second decision found he can perform work at all exertional levels.

The ALJ's second decision became the Commissioner's final decision, subject to judicial review, when the Appeals Council declined further review.  AR, pp. 1-3.

### Res judicata does not limit Plaintiff to light work.

First, Plaintiff contends that the ALJ's redetermination of her prior RFC finding for light work offended principles of res judicata.

*Drummond v. Commissioner*, 126 F.3d 837, 842 (6th Cir.1997) held that, when the Commissioner has made a final administrative decision concerning a claimant's entitlement to benefits, res judicata binds the Commissioner to that decision, including the decision-maker's RFC finding, absent evidence of medical improvement or changed circumstances.  In promulgating Acquiescence Ruling (AR) 98-4(6), the Commissioner officially recognized *Drummond* as governing law in cases arising within the Sixth Circuit.

Plaintiff claims that, due to an absence of evidence of medical improvement or other changed circumstances, the ALJ was bound by her prior RFC finding for light work.

---

[1] To be disabling, a medical impairment must "be expected to result in death or [it] has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).

[2] RFC determinations fall into one of five categories:  sedentary work (involving lifting of no more than ten pounds at a time); light work (no more than twenty pounds at a time); medium work (no more than fifty pounds at a time); heavy work (no more than 100 pounds at a time); and very heavy work (more than 100 pounds at a time).  20 C.F.R. § 404.1567.

Plaintiff's reliance on *Drummond* is unpersuasive because the Appeals Council remand order did not result in a final administrative decision. *Duda v. Secretary*, 834 F.2d 554, 555 (6th Cir.1987). An ALJ's decision vacated by the Appeals Council is not a final decision having "res judicata effect, making *Drummond* inapplicable to such cases." *Brogan v. Commissioner*, 2015 WL 350387 at *13 (N.D.Ohio).

The ALJ was free to re-evaluate Plaintiff's RFC upon remand.

**Substantial evidence does not support the ALJ's finding that
Plaintiff can perform work at all exertional levels.**

Next, Plaintiff argues that even if res judicata does not dictate a finding that he is restricted to light work, the substantial weight of the medical evidence does not support a finding that he can perform work at all exertional levels. The argument is persuasive.

Plaintiff focuses on the ALJ's failure, in her second decision, to explain the increase of Plaintiff's RFC from being limited to light work to being essentially unlimited. While res judicata did not prohibit the ALJ from re-evaluating Plaintiff's RFC, the new RFC had to be supported by substantial evidence.

Upon remand, Plaintiff was examined at the request of the Commissioner by Jonathan R. Van Meter, M.D. In light of Dr. Van Meter's narrative report and the record as a whole, state agency program physician Robert K. Brown completed the standard physical assessment form, finding that Plaintiff is limited to light work.

Dr. Van Meter noted Plaintiff's history of wrist surgery on the left with a 4-5 cm scar and broken ankle due to motor vehicle accident. Plaintiff told Dr. Van Meter that he had difficulty handling objects with the left hand due to numbness in the fourth and fifth digits, and he complained of headaches and pain in the spine, hip, neck, and knees. AR, p. 906. Dr. Van Meter observed a range of motion of the lumbosacral spine and shoulders that Dr. Brown subsequently characterized as "decreased." AR, pp. 907 and 916.

Dr. Van Meter's opinion was guarded due to a lack of objective medical test results, particularly MRIs, and proper evaluation of Plaintiff's condition by an orthopedic surgeon: "It is really difficult to

determine the true nature of this guy's disability." AR, p. 908.  Nevertheless, Dr. Van Meter ventured that, "in my [medical] opinion," Plaintiff can sit, stand, and walk (respectively) for only 5-10 minutes, can lift/carry objects less than 2 or 3 pounds, can drive short distances, and may need a cane over all terrains. AR, p. 908.

Dr. Brown gave Dr. Van Meter's opinion "little weight with [due to] no [objective] basis in his CE [consultative evaluation]." AR, p. 916. The ALJ gave Dr. Van Meter's opinion "minimal weight" because his limitations were found to be inconsistent with the objective findings upon examination; they appear to be based generally on the subjective limitations set out by the claimant at the examination; and they are not consistent with his statement of activities of daily living and other information of record. AR, p. 14.

The ALJ gave "little weight" to Dr. Brown's assessment because Plaintiff's medical records did not document ongoing pain and limitation for a continuous period of 12 months: "Although the claimant did seek treatment at the local emergency room for various physical complaints, in almost every case, he reported that the pain had lasted for only a short period of time." AR, p. 15.

Having rejected the post-remand opinions of Drs. Van Meter and Brown, the ALJ gave "great weight" to the pre-remand opinion of Carlos X. Hernandez, M.D., which the ALJ had previously rejected. Dr. Hernandez stated that the proper disposition of the case was: "Adjudicate as durational denial to non-severe," i.e., Plaintiff has no severe impairment lasting at least 12 continuous months. AR, p. 564.

The reasons identified by the ALJ in support of her finding that Plaintiff is capable of work at all exertional levels (summarized above) are unsupported by substantial evidence for the following reasons.

Although Dr. Van Meter's objective findings may not fully support his opinions, they are not inconsistent with his observations. There is no evidence that Plaintiff engaged in activities of daily living reflecting an ability to perform work at all, including very heavy, exertional levels. Dr. Brown's

4

assessment limiting Plaintiff to light work cannot fairly be discounted because ER records fail to document ongoing symptoms. It is not the purpose of ER records to document evidence in support of disability claims, nor does disability require a degree of pain and limitation necessitating ER visits.

As to the ALJ's reliance on Dr. Hernandez' finding of no significant physical limitation satisfying the 12-month duration requirement, it is insubstantial for the same reasons identified by this Court in *Green v. Colvin*, 5:13-CV-00176-LLK, 2014 WL 2993078 and by the Eastern District of Kentucky in *Conn v. Colvin*, 0:13–CV–00138–JMH, 2014 WL 1613930.

This case followed the same fact pattern disapproved in these cases: The state agency decision-maker (presumably not a medical expert) prepared a medical evaluation form opining no significant physical impairment and asked Dr. Hernandez to sign "if you agree."[3] There was no evidence that the state agency provided Dr. Hernandez with the medical records cited in the evaluation and necessary to support a conclusion that his signature reflected his own independent medical opinion.

The substantial weight of the medical evidence fails to support the ALJ's finding that Plaintiff is able to perform work at all exertional levels.

## The ALJ's error was not harmless.

Not every error warrants judicial disturbance of the Commissioner's final decision. "No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that remand might lead to a different result." *Kornecky v. Commissioner*, 2006 WL 305648 (6th Cir.) quoting *Fisher v. Secretary*, 869 F.2d 1055, 1057 (7th Cir.1989).

The ALJ's erroneous finding that Plaintiff can perform work at all exertional levels does not appear to have been essential to her ultimate finding of lack of disability, which was premised upon Plaintiff's ability to perform his past relevant work, which was light. As the remand was for re-

---

[3] The "if you agree" language in this case appears at AR, p. 562, and Dr. Hernandez' signature is at AR, p. 564.

evaluation of Plaintiff's mental restrictions, there is no reason apparent why the ALJ could not simply have re-affirmed her prior RFC for light work.

The Court declines to find that the error was harmless because it is unable to meaningfully gauge the extent to which the ALJ's evaluation of Plaintiff's credibility may have been skewed by her acceptance Dr. Hernandez' opinion of no significant physical impairment satisfying the duration requirement.

**The appropriate remedy is a remand for further administrative proceedings.**

The remaining question is whether the appropriate remedy for the ALJ's non-harmless error is a judicial award of disability benefits or a remand for further administrative proceedings.

"If a court determines that substantial evidence does not support the [Commissioner's] decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir.1994).

A judicial award is not supported in this case because the record is compatible with the possibility that, while unable to perform work at all exertional levels, Plaintiff may be able to engage in light work, as Dr. Brown found, including Plaintiff's past relevant work that was light.

Plaintiff argues that he would be a "pay under the Grid Rules [i.e., Grid Rule 201.14] as of his date last insured if limited to sedentary work activity and no transferable skills." DN 22, p. 3 and 4.[4] The evidence does not adequately support a finding that Plaintiff is a Grid-pay under Rule 201.14 because that rule contemplates a maximum exertional capacity for sedentary work and, as indicated above, he may be able to perform light work.

---

[4] The so-called Grid Rules, or medical-vocational guidelines, of Appendix 2 of the regulations are relevant at the fifth and final step of the sequential evaluation process in which the Commissioner is called upon to determine whether the claimant can perform a substantial number of jobs in the national economy. If the evidence supports a finding that the claimant's age, education, work experience, and RFC (used to determine maximum exertional capacity) correspond to one of the rules and that rule directs an ultimate finding of "disabled," the Commissioner will generally find the claimant disabled. 20 C.F.R. § 404.1569a(b).

Plaintiff relies on the testimony of vocational expert Stephanie Barnes to the effect that absenteeism from work of three days or more per month is generally intolerable to most employers. AR, 67.  However, contrary to Plaintiff's contention, medical expert, Elizabeth Kalb, Ph.D., did not testify that "Mr. Anderson's mental limitation would be expected to result in him missing work up to three days a month."  DN 22, p. 5 citing AR, p. 56.  Dr. Kalb's testimony was equivocal:

> *Counsel:*  Would reliability be an issue in this case?
>
> *Dr. Kalb:*  He did testify that he has good days and bad days.  There is potential for him to miss an amount of work, **it's really difficult from the record to opine** *(emphasis added)*.  It could be anywhere to, you know, up to three days a month depending on the level of depression.[5]   (AR, p. 56).

Because the record does not adequately support a judicial award of disability benefits, the Court will remand this matter to the Commissioner for further administrative proceedings.

**Order**

This matter is REMANDED to the Commissioner for a new decision, re-evaluation of Plaintiff's physical RFC, and any further proceedings deemed necessary and appropriate by the Commissioner.

---

[5] Alternatively, even if Dr. Kalb, whose opinion the ALJ gave "great weight" (AR, p. 20), had unambiguously opined absenteeism of three days per month, such opinion -- going to the ultimate issue of disability – would have been not a genuine medical opinion but rather a "medical source opinion[ ] on issues reserved to the Commissioner" as contemplated by 20 C.F.R. § 404.1527(d).  Such opinions are entitled to no "special significance."  Section 404.1527(d)(3).  Compare *Saulic v. Commissioner*, 2013 WL 5234243 (N.D.Ohio) (the doctor "did not 'know,' in the sense of an objective medical fact, that, if properly motivated, the plaintiff ... would require absences in excess of 4 days per month") and *Sharp v. Commissioner*, 2005 WL 2811812 (6th Cir.) (although the treating physician's opinion regarding absenteeism "come[s] close to stating an ultimate opinion about the existence of a disability," in this case, it "came at the end of extensive treatment" and was not based upon uncritical acceptance of the patient's subjective complaints).  Dr. Kalb did not opine a disabling level of absenteeism based upon an extensive treatment relationship with Plaintiff.